UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:10-cr-227 (JAM) |
| TORRENCE JONES | |

RULING DENYING DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE IN ACCORDANCE WITH U.S.S.G. AMENDMENT #782

On January 30, 2012, this Court (*Burns, J.*) sentenced defendant Torrence Jones principally to a term of 87 months imprisonment and a term of three years supervised release, following his conviction of Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. On the basis of Amendment 782 to the United States Sentencing Guidelines, defendant now moves *pro se* to be re-sentenced pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, I will deny defendant's motion.

## BACKGROUND

Amendment 782 to the U.S. Sentencing Guidelines provides for a reduction of two offense levels for the sentencing range calculation for a defendant who is or has been subject to sentencing under §§ 2D1.1 or 2D1.11 of the Guidelines. Amendment 782 reflects the Commission's determination "that setting the base offense levels above mandatory minimum penalties is no longer necessary" and would be "an appropriate step toward alleviating the overcapacity of the federal prisons." *See* U.S. Sentencing Guidelines Manual, Supp. to App. C., Amendment 782, Reason for Amendment (Nov. 1, 2014). In addition, Amendment 788 to the Sentencing Guidelines amends § 1B1.10 of the Guidelines to provide that the two-level reduction

effectuated by Amendment 782 may be retroactively applicable to defendants who have already been sentenced under §§ 2D1.1 or 2D1.11 of the Guidelines, but subject to delay of the effective date of any retroactive sentence reduction until November 1, 2015. *Id.*, Amendment 788; U.S.S.G. § 1B1.10(d) & (e)(1) & comment. (n.6).

Pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with § 1B1.10 of the Guidelines, the Court may reduce the term of imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission. The Court must follow a two-step approach to determine whether a sentence should be reduced and the extent of any such reduction. First, the Court must consider if the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable if the amended Guidelines had been in place at the time of the defendant's sentencing. Second, the Court must consider the range of general sentencing factors under 18 U.S.C. § 3553(a) to decide whether, in its discretion, a reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Defendant does not satisfy the first step of showing that he is eligible for a sentence reduction. Amendment 782 adjusts the sentencing guideline range for defendants whose sentencing offense levels were calculated under §§ 2D1.1 and 2D1.11 of the Guidelines. Here, however, defendant was sentenced pursuant to a different provision of the Guidelines—the career offender guideline, § 4B1.1(a). The presentence report determined that the career offender guideline applied, and Judge Burns' "Statement of Reasons" confirms that she adopted the presentence report calculations but departed downward to give effect to the parties' plea agreement that anticipated a lower sentencing guidelines range.

As the Second Circuit has made clear, when a defendant's offense level has been determined pursuant to the career offender guideline, § 3582(c) does not authorize a sentence reduction on the basis of an amendment to a different provision of the Guidelines. *See, e.g., United States v. Mock,* 612 F.3d 133, 138 (2d Cir. 2010) (*per curiam*) (affirming denial of motion pursuant to § 3582(c) for sentence reduction because "[d]efendant was sentenced under the career offender Guideline, U.S.S.G. § 4B1.1, which was not affected by the crack cocaine amendments that he relied upon as the basis for his motion"); *see also United States v. Aristizabel,* 2015 WL 4111455, at *3 (S.D.N.Y. 2015) (sentence reduction pursuant to Amendments 782 and 788 not applicable to defendant who was subject to sentencing as career offender; citing cases). Nor is this result affected by the fact that Judge Burns departed downward from the range set forth by application of the career offender guideline when she decided what sentence to impose. *See United States v. Steele*, 714 F.3d 751, 754-56 (2d Cir. 2013) (*per curiam*).

Even if I were to conclude that defendant is eligible for a sentence reduction, I would not grant a further sentence reduction, because defendant has already received a sentence far below what the Sentencing Guidelines prescribe. Had he been sentenced as a career offender, he would have been subject to a sentencing guideline range of 151 to 188 months imprisonment. Judge Burns departed downward in accordance with the parties' request to a sentence of 87 months imprisonment. Of most concern to me is defendant's significant and violent and gun-related criminal history. This is not a case where a lengthy sentence has been imposed on a non-violent drug offender. Defendant's motion describes to his credit the significant educational and rehabilitative efforts that he has undertaken while imprisoned. I am hopeful that these efforts and

3

his commitment to be with his family will bode well for him after he finishes serving his sentence.

## CONCLUSION

For the foregoing reasons, defendant's motion for reduction of sentence is DENIED.

Dated at New Haven this 23rd day of July 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge